IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS EARL BOONE, JR., #283484 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv129 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Thomas Earl Boone, Jr., an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #11) concluding that the petition should be dismissed for lack of subject matter jurisdiction as an unauthorized second or successive petition. Mr. Boone has filed objections (Dkt. #16).

The petition concerns Mr. Boone's 1994 Anderson County conviction for the offense of possession of a deadly weapon in a penal institution. He received a ten year sentence to be served consecutively to his Harris County conviction for burglary of a habitation. In 1998, Boone filed a petition for a writ of habeas corpus challenging his Anderson County conviction, which was dismissed as time-barred. *Boone v. Director, TDCJ-ID*, No. 6:98-cv-288 (E.D. Tex. Oct. 14, 1998). The present petition was filed on March 1, 2017. Mr. Boone is challenging the the way the prison system is calculating his consecutive sentences, which he calls a "cumulation order."

Mr. Boone is challenging Magistrate Judge Love's conclusion that the present petition is an unauthorized second or successive petition. He erroneously argues in his objections that his first petition should not count as a prior petition for purposes of § 2254(b) because it was dismissed as time-barred. The Fifth Circuit rejected such arguments in *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009). Because the claims Mr. Boone raises in his present § 2254 petition were or could have been raised in his first § 2254 petition, the present § 2254 petition is successive. *Id.* This court does not have jurisdiction to consider the petition because the Fifth Circuit has not granted him permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Mr. Boone also complains in his objections that the Report and Recommendation does not acknowledge his supplemental claims (Dkt. #12) and advisory (Dkt. #14). The record in this case reveals that the Report and Recommendation was filed on March 20, 2017. Mr. Boone's supplemental claims and advisory were filed on March 27, 2017. Magistrate Judge Love could not have addressed documents that were not yet filed. Nonetheless, the documents discuss the cumulation order and way the prison system is calculating his stacked sentences. Once again, Mr. Boone could have challenged the cumulation order and the way the prison system is calculating his stacked sentences when he filed his previous petition in 1998. The analysis of this case does not change because of the supplemental claims and advisory. The present petition should be dismissed for lack of subject matter jurisdiction.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Boone to the Report, the court is of

the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Boone's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice for lack of subject matter jurisdiction. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**. It is finally

**ORDERED** that the Clerk of Court shall return unfiled any new petitions for a writ of habeas corpus submitted by Mr. Boone regarding his Anderson County conviction unless he shows that he received permission from the Fifth Circuit to file it.

**So ORDERED and SIGNED this 12th day of April, 2017.**

_____
Ron Clark, United States District Judge